UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          v.                   )    CR. NO. 96-10047-MLW
                               )
SAMUEL PATRICK                 )
                               )

                       MEMORANDUM AND ORDER

WOLF, D.J.                                         November 24, 2010

     Defendant Samuel Patrick ("Patrick") is serving a life sentence, imposed by Judge Robert Keeton, for, among other things, conspiracy to distribute and possession with intent to distribute cocaine base. As a result of Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."), which retroactively generally reduces by two levels the offense level for crimes involving crack cocaine and became effective March 3, 2008, Patrick moved for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10 (the "Motion")[1]. As Patrick is indigent, counsel was appointed to represent him. Counsel for the defendant and the government have conferred and filed a Joint Status Report concerning the Motion, as well as memoranda supporting and opposing a sentence reduction, respectively.

     Although the parties agree that Patrick was given a life

---

[1] The CM/ECF docket report states that on July 28, 2010, the docket text for Document Number 908, titled "Defendant's Memorandum in Support of Motion for Reduction of Sentence," was modified "to turn this e-filing into a motion for a reduction of sentence." Therefore, the court considers this document to be Patrick's motion for a reduced sentence.

sentence under the then-mandatory crack guidelines, and that Amendment 706 would lower his resulting range to 360 months to life, the Probation Office states in its addendum to the presentence report that it is uncertain if this is the case. It contends that "there is some ambiguity" regarding whether Patrick's mandatory sentence was imposed pursuant to the crack guidelines or, alternatively, to §21 U.S.C. §841(b)(1)(A), which mandates a life sentence for any individual convicted of possessing with intent to distribute 50 grams or more of cocaine base who has previously been convicted of two or more felony drug offenses. See §21 U.S.C. §841(b)(1)(A). Because Amendment 706 did not alter the minimum sentences mandated by §841(b)(1)(A), Probation suggests that the court must resolve the basis of Patrick's mandatory sentence in order to determine whether Amendment 706 applies in this case.

Like the parties, the court finds that Judge Keeton determined Patrick's minimum sentence under the then-mandatory crack cocaine guidelines, rather than under §841(b)(1)(A). See United States v. Patrick, 41 F. Supp. 2d 73, 86 (D. Mass. 1999). After determining that Patrick's two prior felony convictions should be treated as one under related-cases provisions, Judge Keeton stated that "[u]nder 21 U.S.C. §841(b)(1)(A)(iii), Patrick's mandatory minimum sentence is 20 years...unless the lower end of the guideline range otherwise calculated is higher than 240 months." Id. Because the lower end as otherwise calculated in Patrick's case was in fact higher, Judge Keeton determined that the 20 year mandatory minimum

did not apply. Id. Rather, he calculated Patrick's total offense level as 44 (including points added for role in offense and use of minors), and held that the minimum sentence within the then-mandatory guideline range for such an offense level was life imprisonment. Id. Therefore, because Patrick was sentenced pursuant to the crack cocaine guidelines, Amendment 706 applies to this case, and the court must determine whether Patrick should be resentenced under 18 U.S.C. §3582(c)(2) and U.S.S.G. §1B1.10.

The government opposes Patrick's motion for a reduced sentence. It states that "this is the rare case in which the government does not request the Court impose a sentence at the low end of the new guideline range." Govt. Response to Pet. Samuel Patrick's Memorandum in Support of Motion for Reduction in Sentence ("Govt. Opp.") at 1. The government instead asks the court to reimpose a life sentence.

The government argues that a consideration of the factors set forth in 18 U.S.C. §3553(a), as well as of the Sentencing Commission's policy statements contained in §1B1.10, militate in favor of a life sentence. See 18 U.S.C. §3582(c) (stating, in pertinent part, that a "court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."). The government contends that "Patrick is a lifelong criminal" who has been convicted of multiple offenses, including,

among other things, possessing a Class B substance with intent to distribute, trafficking in cocaine, and carrying a dangerous weapon. It argues that in the case that resulted in his current incarceration, Patrick was the leader of a violent street gang, and that he was a main supplier to and director of approximately 15 street level distributors. See Gov. Opp. at 5. In light of the seriousness of Patrick's history, the government argues, a life sentence is "sufficient but not greater than necessary...to protect the community from Patrick's return," and to "promote respect for law and deter others...." Id. at 5 (quoting 18 U.S.C. §3553(a)).

In his motion for a reduced sentence, Patrick also refers to §3553(a)'s requirement that a sentence be "sufficient but not greater than necessary." Motion at 5. He notes that he has participated in various recreational and fitness programs,[2] completed business and accounting classes at Newport College, and holds a full-time job at the prison building furniture. Notably, as Patrick points out, Patrick's SENTRY records as of May 20, 2008, the date of Probation's report, indicate that he has incurred no

---

[2] Additional records submitted by Patrick indicate that he has also successfully completed programs on anger management, stress management, communication skills, sports and nutrition, MRSA awareness, Hepatitis awareness, AIDS awareness, child psychology, victim impact counseling, clothing design, investing concepts, law for business, dealership licensing, and commercial driver licensing, and that he has completed two nursing aid courses. An August 4, 2010 BOP Inmate Skills Development Plan and Progress Report confirms these records. See Additional Records Supplementing Defendant's Memorandum in Support of Motion for Reduction of Sentence.

disciplinary reports since he was sentenced in this case.[3]  See U.S.S.G. §1B1.10. A.N. 1(B)(ii) & (iii).

Patrick does not request a specific reduction to his sentence, but instead requests a hearing at which the court will determine the appropriate sentence in light of Amendment 706.  The government states that no hearing is necessary or appropriate.  Under Federal Rule of Criminal Procedure 43(b)(4), the defendant need not be present for a sentence reduction under 18 U.S.C. §3582(c).  See Fed. R. Crim. P. 43(b)(4).  Nevertheless, in view of the competing considerations in this case and the fact that this court did not decide Patrick's original sentence, the court is scheduling a hearing in this matter.

Accordingly, it is hereby ORDERED that:

1.  A hearing to address whether Patrick's sentence should be reduced shall be held on January 31, 2011, at 3:00 p.m.  Patrick shall attend.

2.  The parties shall, by January 17, 2011, supplement their submissions and any replies shall be filed by January 24, 2011.

                                        /s/ Mark L. Wolf
                                    UNITED STATES DISTRICT JUDGE

---

[3] The presentence report states that while Patrick was detained prior to sentencing, he received two disciplinary reports for fighting with inmates.  The Report also states that during this time, Patrick attended religious programs, had no gang affiliation, held a job as a weight room cleaner and received positive evaluations.